IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| **TERRY TYRONE PULLEN, JR.,** | Case Number 1:20-cv-0050 |
| **Plaintiff,** | District Judge Matthew W. McFarland<br>Magistrate Judge Caroline H. Gentry |
| v. | |
| **CORRECTIONS OFFICER TABOR,** *et al.*, | |
| **Defendants.** | |

## OPINION AND ORDER

Plaintiff Terry Tyrone Pullen, Jr., a state inmate proceeding without the assistance of counsel, has sued several prison corrections officers pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Following an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court permitted Plaintiff to proceed on his excessive force claims against Defendants Parish, Tabor, and Bigham, as well as his Fourth Amendment Claims against Defendants Joseph, Dyer, Bauer, Prater, and Fri. (ECF No. 10.) After Defendants timely failed to respond to Plaintiff's Complaint, Plaintiff filed a Motion for Default Judgment (ECF No. 28), prompting Defendants to file a Motion for Leave to File Answer *Instanter* (ECF No. 32).

Having reviewed those Motions, and for the reasons that follow, Plaintiff's Motion for Default Judgment (ECF No. 28) is **DENIED**, Defendants' Motion for Leave to File Answer *Instanter* (ECF No. 32) is **GRANTED**, and the Clerk is **DIRECTED** to file Defendants' Answer, which is attached to their Motion as Exhibit One (ECF No. 32-1).

Plaintiff's Motion for Default Judgment must be denied. The Court cannot enter default judgment because Plaintiff did not first apply for and obtain an entry of default from the Clerk. An entry of default is distinct from entry of a default judgment. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); S.D. Ohio Civ. R. 55.1(b). By asking only for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in Rule 55 of the Federal Rules of Civil Procedure. *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." (citation omitted)). The Court therefore cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib., Inc.*, 340 F.3d at 352 ("Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may *then* enter default judgment.") (emphasis added) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)).

Moreover, the Court finds good cause exists for granting Defendants' Motion for Leave to File Answer *Instanter*. Defendants filed their Motion for Leave on December 10, 2021, just eleven days after Plaintiff filed his Motion for Default Judgment. Defendants represent that they missed the answer deadline because the attorney originally assigned to the case left the office and current counsel was assigned and entered an appearance on December 6, 2021, just four days prior to filing the subject Motion for Leave. The Court finds that good cause exists for granting Defendants' Motion.

In accordance with Federal Rule of Civil Procedure 6(b)(1)(B), this Court "may, for good cause, extend the . . . deadline 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" *Slep–Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 316 (6th Cir. 2015) (quoting Fed. R. Civ. P. 6(b)(1)(B)); *see also Nafziger v.*

2

*McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citation omitted).

The Court considers five factors when determining whether the standard for excusable neglect is met: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger*, 467 F.3d at 522 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In addition, as a general rule, the Court prefers to decide cases on their merits. *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009).

Consideration of the foregoing factors persuades the Court to grant Defendants' Motion. Certainly, Defendants' delay in filing their Answer was lengthy, but the Court can discern no prejudice to Plaintiff arising from that delay. Moreover, defense counsel has offered reasons for the delay that demonstrate both an absence of bad faith and that she acted in good faith. Specifically, defense counsel entered an appearance and filed the subject Motion just four days after being assigned to the case and only eleven days after Plaintiff had moved for default judgment. The foregoing factors, together with this Court's strong preference to decide cases on the merits, persuades the Court to grant Defendants' Motion for Leave to File Answer Instanter.

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 28) is **DENIED**, Defendants' Motion for Leave to File Answer *Instanter* (ECF No. 32) is **GRANTED**, and the Clerk is **DIRECTED** to file Defendants' Answer, attached to their Motion as Exhibit One (ECF No. 32-1).

**IT IS SO ORDERED.**

                */s/ Caroline H. Gentry*
                CAROLINE H. GENTRY
                UNITED STATES MAGISTRATE JUDGE