# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| TERRY TYRONE PULLEN, JR., | : | Case No. 1:20-cv-00050 |
| Plaintiff, | : : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| CORRECTIONS OFFICER TABOR, *et al.*, | : : : | |
| Defendants. | : : | |

# ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Motion to Compel Discovery (Doc. No. 77), Motion to Compel Discovery (Doc. No. 78), and Motion Requesting Extension of Time ("Motion for Extension," Doc. No. 79).

On October 4, 2023, Defendants filed a Motion for Summary Judgment. (Doc. No. 68.) Due to Plaintiff's *pro se* status, the Court notified him of that Motion and advised: "You must file your response to the Defendants' Motion no later than **October 25, 2023**. . . . If you fail to file a timely response, the Defendants' Motion may be granted and your case dismissed." (Doc. No. 23, PageID 245 (emphasis in original).)

The Court's notice was returned undelivered due to an insufficient address. (Doc. No. 71.) Plaintiff's failure to satisfy his obligation to keep his address updated with the Court is unsurprising given that the Ohio Department of Rehabilitation and Correction

considers Plaintiff to be a "violator at large" (i.e., a fugitive).[1] Plaintiff did not file a response to the Motion by the deadline.

On November 6, 2023, the Court issued an Order to Show Cause that required Plaintiff to file, within thirty days, a response to Defendants' Motion. (Doc. No. 73, PageID 615.) The Order noted Plaintiff's repeated failures to update his address of record and ordered Plaintiff "to alert the Court of any change in address **AS SOON AS HE BECOMES AWARE OF SUCH CHANGE**." (*Id*. (emphasis in original).) The Order cautioned: "**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED**." (*Id*. at PageID 614-15 (emphasis in original).) The Court's Order was returned undelivered (Doc. No. 74) and Plaintiff failed to respond to the Motion by the extended deadline.

Plaintiff now requests an *additional* extension of time to respond to Defendants' Motion. (Motion for Extension, Doc. No. 79, PageID 642-43.) Plaintiff argues that he needs an extension because he has not received a copy of certain video discovery and is unable to respond to Defendants' Motion without such footage. He further seeks an order compelling Defendants to provide him with the same. (Motion to Compel, Doc. No. 78.)

As Plaintiff notes, the Court already ordered Defendants to provide him with the discovery he seeks.[2] (Doc. No. 73, PageID 614.) Plaintiff asserts that Defendants have failed to comply with that Order. (Doc. No. 78, PageID 638.) It is difficult to imagine,

---

[1] *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A686539 (last accessed 3/1/2024).

[2] Notably, that Order was issued not because of any failure or deficiency on Defendants' part, but because Plaintiff's failure to update his address resulted in the discovery being sent to an address at which Plaintiff no longer resided. (Doc. No. 73, PageID 613-14.)

however, how Plaintiff could know whether or not Defendants attempted to provide him with that discovery, given that Plaintiff is currently a fugitive from justice and has persistently refused to provide a legitimate address to Defendants or the Court.

Under these circumstances, Plaintiff's Motion to Compel (Doc. No. 78) is not well-taken. The Court cannot compel Defendants to provide discovery to a party who is actively concealing his whereabouts from both Defendants and the Court, and has refused to provide an address to which the discovery can be mailed. Plaintiff's Motion to Compel is therefore **DENIED without prejudice**. If Plaintiff chooses to update his address with the Court, then he may renew the Motion.

Turning to Plaintiff's Motion for Extension (Doc. No. 79), the Court notes that Defendants' Motion for Summary Judgment (Doc. No. 68) has been pending for more than five months and Plaintiff has had ample time to respond. A defendant "has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. United States Dist. Ct. for the S. Dist. Of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). As a general matter, "defendants are prejudiced when a case filed against them is unduly prolonged by a plaintiff's failure to respond to their dispositive motions." *Pierson v. DRC Dir.*, No. 1:20-CV-00435, 2022 WL 3596910, at *3 (S.D. Ohio Aug. 23, 2022) (Gentry, M.J.). A plaintiff's failures to comply with deadlines and respond to dispositive motions constitute failure to prosecute and may independently warrant dismissal. *See Pullen v. Mohr*, No. 1:18-CV-00386, 2020 U.S. Dist. LEXIS 173376 (S.D. Ohio May 18, 2020) (Litkovitz, M.J.) (non-response to dispositive motion), report and recommendation adopted and case dismissed by 2020 U.S. Dist. LEXIS 172727 (S.D. Ohio Sept. 21,

2020) (Cole, D.J.); *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (repeated failure to abide by deadlines set by the court)

Nevertheless, the Court is conscious of the Sixth Circuit's admonition that district courts should "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Friedmann v. Campbell*, No. 98-06728, 1999 WL 1045281, at *1 (6th Cir. Nov. 8, 1999). Therefore, out of an abundance of caution, the Court **GRANTS** Plaintiff's Motion for Extension (Doc. No. 79). Plaintiff is granted leave to respond to Defendants' Motion for Summary Judgment (Doc. No. 68) no later than **THIRTY (30) DAYS** from the date of this Order. Plaintiff is **CAUTIONED** that **NO FURTHER EXTENSIONS WILL BE GRANTED, AND ANY FURTHER FAILURE TO TIMELY RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 68) WILL RESULT IN A RECOMMENDATION THAT THE DISTRICT JUDGE DISMISS THIS CASE.** Plaintiff is **NOT** permitted to delay his response on the grounds that he has not received video discovery from Defendants, since it is his choice to become a fugitive that has made it impossible for Defendants to mail that discovery to him.

In sum, for the reasons stated, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Leave to File Motion to Compel Discovery (Doc. No. 77) is **DENIED AS MOOT**. Leave of Court is not required to file a motion to compel.
2. Plaintiff's Motion to Compel Discovery (Doc. No. 78) is **DENIED**.
3. Plaintiff's Motion for Extension (Doc. No. 79) is **GRANTED**. Plaintiff shall file a response to Defendants' Motion for Summary Judgment (Doc. No. 68) no later

than **THIRTY (30) DAYS** from the date of this Order. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

**IT IS SO ORDERED**.

                                                            */s/ Caroline H. Gentry*
                                                          Caroline H. Gentry
                                                          United States Magistrate Judge

<u>Procedure on Objections</u>

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections to the findings within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).