IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TERRY TYRONE PULLEN, JR., | : | Case No. 1:20-cv-50 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| vs. | : | |
| CORRECTIONS OFFICER TABOR, et al., | : | |
| Defendants. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 86)

This action under 42 U.S.C. § 1983 is before the Court upon the Report and Recommendation ("Report") (Doc. 86) of United States Magistrate Judge Caroline H. Gentry, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims against Defendants Joseph, Dyer, Bauer, Prater, Fri, and Parish, and allow Plaintiff's claims against Defendants Tabor and Bigham proceed to trial. Plaintiff and Defendants Bigham and Tabor filed Objections (Docs. 91, 93) to the Report. Thus, this matter is ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a de novo review of the record in this case. Upon review, the Court agrees with the thorough analysis contained in the Report and finds that many of the Objections have been fully addressed and adjudicated in the Report. That said, the Court will address the relevant objections to ensure a clear statement of the bases for the Court's

findings. The Court will first consider the objections brought by Defendants Bigham and Tabor.

Bigham and Tabor first argue that Plaintiff only suffered *de minimis* injury to his wrists and such harm is therefore "not actionable" under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). (Defendants' Objections, Doc. 91, Pg. ID 752). This argument was thoroughly and properly addressed and rejected by the Magistrate Judge, wherein she found that the PLRA only bars claims based on *de minimis* injury that seek compensatory damages. (*See* Report, Doc. 86, Pg. ID 724-25). As Plaintiff seeks declaratory and injunctive relief, as well as punitive damages, a *de minimis* injury does not bar his claims under the PLRA. (*See id.*) Thus, Bigham and Tabor's first objection is not well taken. *Kurt M. v. Comm'r of Soc. Sec.*, No. 1:23-CV-459, 2024 U.S. Dist. LEXIS 129710, at *1-2 (S.D. Ohio July 23, 2024) ("[T]hese general objections fail to preserve any issues for review, as rehashing the same arguments made previously defeats the purpose and efficiency of the Federal Magistrate's Act.")

Bigham and Tabor's remaining objections respond to the Magistrate Judge's factual findings. Bigham and Tabor first argue that Plaintiff's declarations relating to his injuries are nothing more than "self-serving statements" and therefore do not create a genuine issue of material fact relating to his injuries. (Defendants' Objections, Doc. 91, Pg. ID 749-50.) But, "self-serving affidavits are not impermissible." *Salekin v. McDonough*, No. 3:21-CV-107, 2023 U.S. Dist. LEXIS 151121, at *5 (M.D. Tenn. Aug. 28, 2023). "After all, most affidavits submitted in response to a motion for summary judgment are self-serving, and only become problematic when they are not based on personal knowledge."

2

*Id.* (cleaned up). Bigham and Tabor do not argue that Plaintiff's declarations are not based on personal knowledge or otherwise violate the Federal Rules of Evidence. (*See* Objections, Doc. 91.) To be sure, this objection calls for the weighing of evidence—a consideration for the jury, not the Court, to evaluate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

Bigham and Tabor next point to the image taken of Plaintiff's wrist and the notes from his visit to the nurse as conclusive evidence of the state of his injury. (Defendants' Objections, Doc. 91, Pg. ID 752.) But, the Magistrate Judge found that the photo is poor quality, and therefore does not provide clear evidence of the nature of Plaintiff's injury. (Doc. 86, Page ID 712.) The nurse's notes are similarly unavailing. (*See* Medical Exam Report, Doc. 68, Pg. ID 592.) Though the nurse did not see any signs of distress when she treated Plaintiff, she did not directly examine Plaintiff's wrist. (*Id.*) To the extent that this evidence contradicts Plaintiff's declarations related to his injuries, such consideration is in the province of the jury. *See Wheeler v. McKinley Enters.*, 937 F.2d 1158, 162 (6th Cir. 1991) ("Credibility determinations are for the jury."). As such, Bigham and Tabor have failed to show that no genuine issue of material fact exists as it relates to Plaintiff's injury.

Finally, for similar reasons, a genuine dispute as to material fact remains as to whether qualified immunity applies to Bigham and Tabor's conduct. Qualified immunity "shields government officials from civil damages unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."

3

*Reichle v. Howards,* 566 U.S. 658, 664 (2012). To properly raise the affirmative defense of qualified immunity, the defendant must assert facts suggesting that "he acted within the scope of his discretionary authority." *Gardenhire v. Schubert,* 205 F.3d 303, 311 (6th Cir. 2000). Once the defendant has successfully raised qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to summary judgment because the defendant violated a clearly established constitutional right. *Silberstein v. City of Dayton,* 440 F.3d 893, 901 (6th Cir. 2004). The Court is required to credit the admissible evidence cited by the plaintiff and draw all justifiable inferences in his favor. *Tolan v. Cotton,* 572 U.S. 650, 660 (2014). Here, Plaintiff has asserted that Defendants used excessive force against him. And, Plaintiff has a clearly established constitutional right to be free from excessive force. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Without undisputed evidence to the contrary, the Court credits Plaintiff's evidence. *Tolan,* 572 at 660. As established in the Report and this Order, a genuine issue of material fact exists as to whether Bigham and Tabor used excessive force. Defendants are therefore not entitled to qualified immunity at this stage. *See Oliver v. Greene,* 613 F. App'x 455 (6th Cir. 2015) (affirming denial of qualified immunity at summary judgment when the defendant's use of excessive force was still in dispute); *Michalski v. Sonstrom,* 773 F. App'x 299, 301 (6th Cir. 2019). For these reasons, Plaintiff's claims against Bigham and Tabor shall procced.

As for Plaintiff's objections, he opposes the Report to the extent that it recommends dismissing the claims against Prater, Parish, Joseph, Dyer, and Fri. (Plaintiff's Objections, Doc. 93, Pg. ID 766.) Plaintiff first argues that his claims against these Defendants should proceed because they engaged in unconstitutional conduct. (Plaintiff's Objections, Doc.

4

93, Pg. ID 766-67.) But, as discussed by the Magistrate Judge, these Defendants did not engage in unconstitutional conduct. (*See* Report, Doc. 86, Pg. ID 715-19.) Plaintiff does not provide any argument for why this finding was incorrect. (*See* Plaintiff's Objection, Doc. 93.) Thus, this general objection fails to preserve this issue for review. *See Gilmore v. Russian*, No. 2:16-CV-1133, 2017 U.S. Dist. LEXIS 93843, at *1 (S.D. Ohio June 19, 2017) (citation omitted) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

Plaintiff further argues Defendants did not release certain video footage to Plaintiff in violation of the Magistrate Judge's November 6, 2023, Order (Doc. 73). (Plaintiff's Objection, Doc. 93, Pg. ID 769.) He notes that the Magistrate Judge later informed him that, because of his outstanding charges and warrants unrelated to this civil action, he was not entitled to view said footage. (*Id.*) In making this argument, Plaintiff appears to be referencing the Court's Order Denying Plaintiff's Motion to Compel discovery related to the video footage. (*See* Order, Doc. 80.) In that Order, the Magistrate Judge noted Plaintiff's failure to provide a "legitimate address" based on his status as a fugitive. (*Id.* at Pg. ID 648.) As a result, the Plaintiff could not have known "whether or not Defendants attempted to provide him with that discovery" and the Court could not otherwise "compel Defendants to provide discovery to a party who is actively concealing his whereabouts." (*Id.*) In any event, in the Report, the Magistrate Judge directed the Clerk of Court to send Plaintiff a copy of the relevant video footage. (Report, Doc. 86, Pg. ID 726.) Thus, Plaintiff's second objection is not well taken.

As stated above, and as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of this record. Upon said review, the Court finds that the relevant objections (Docs. 91, 93) are not well-taken and are accordingly **OVERRULED.** Thus, the Court **ADOPTS** Magistrate Judge Gentry's Report and Recommendation (Doc. 86) in its entirety and **ORDERS** the following:

1. Defendants' Motion for Summary Judgment (Doc. 68) is **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiff's claims against Defendants Joseph, Dyer, Bauer, Prater, Fri, and Parish are **DISMISSED WITH PREJUDICE**; and

3. Plaintiff's claims against Defendants Tabor and Bigham **SHALL PROCEED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE